# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CV29-W

| | |
|---|---|
| PHILLIP ANTWAN DAVIS, )<br>                    Petitioner,   )<br>                                )<br>            v.                         )<br>                                )<br>MARVIN POLK, Warden,   )<br>Central Prison                 )<br>Raleigh, North Carolina   )<br>                   Respondent. )<br>_____) | **ORDER** |

This matter is before the Court upon Phillip Antwan Davis's Oct. 15, 2007 Motion to Alter or Amend Judgment and for Relief from Judgment pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 37.) The State did not file a Response.

On August 4, 1997, Davis pled guilty to the first-degree murders of his aunt, Joyce Miller, and cousin, Caroline Miller. Following entry and acceptance of the guilty plea, a capital sentencing proceeding was conducted at the 4 August 1997 Criminal Session of Superior Court, Buncombe County. At the conclusion of the sentencing proceeding, the jury recommended a sentence of death for the murder of Joyce Miller and life imprisonment without parole for the murder of Caroline Miller.

After completing his direct appeal and post-conviction review in the State courts, Davis filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in Federal District Court on February 9, 2005. Judgment was entered denying the Petition on Sept. 28, 2007. On Oct. 15, 2007, Davis filed the instant Motion pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) Motion must be filed no more than ten (10) days after entry of the judgment. A Rule 60(b) Motion must be filed "within a reasonable time." Because his

motion was filed within ten days of the entry of judgment, the Court will treat it as a Rule 59(e) motion despite the fact that the caption cites both Rule 59(e) and Rule 60(b). *See Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.") (citation omitted).

According to Rule 11 of the Rules Governing § 2254 Cases, the Federal Rules of Civil Procedure may apply to habeas proceedings only to the extent that they are not inconsistent with any statutory provisions or the rules governing habeas cases. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), § 2254 restricts state prisoners' ability to file successive applications for habeas relief. *See* 28 U.S.C. § 2244(b)(2). In *Gonzalez v. Crosby*, the U. S. Supreme Court stated that for the purposes of § 2244(b), "an 'application' for habeas relief is a filing that contains one or more 'claims.'" 545 U.S. 524, 530 (2005). A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. For example, a motion seeking to add a new ground for relief is a "claim" under § 2244(b). *See id*. at 532. Likewise, a motion attacking the federal court's *merits* resolution of a previously raised claim qualifies as a "claim" under § 2244(b). *See id*. On the other hand, "a motion seeking a remedy for some defect in the collateral review process" generally will not be deemed to be successive. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Although the motion at issue in *Gonzalez* was brought under Rule 60(b), the definitions used by the Supreme Court can be applied equally to other post-judgment motions, including those brought under Rule 59(e). *See*, *e.g., U.S. v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (*citing Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006) (finding that Rule 59(e) motion was, in

2

part, a successive 28 U.S.C. § 2255 motion for habeas relief); *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (requiring certificate of appealability for Rule 59(e) motion because the motion "sought ultimately to resurrect the denial of [the] earlier § 2255 motion"); *but see Curry v. U.S.*, 307 F.3d 664, 666 (7th Cir. 2002) (deciding that a 59(e) motion does not seek collateral relief and is, therefore, not subject to AEDPA's statutory limitations on such relief). While the Fourth Circuit Court of Appeals has not issued a published opinion specifically addressing whether Rule 59(e) motions should be treated as successive in similar circumstances, separate three-judge panels of the Fourth Circuit have issued unpublished opinions finding that the movants' Rule 59(e) motions were successive motions attacking their convictions and sentences under § 2255. *See U.S. v. Mann*, 141 F. App'x 175 (4th Cir. 2005) (unpublished) (citing *Winestock*, 340 F.3d at 206-07); *U.S. v. Martin*, 132 F. App'x 450 (4th Cir. 2005) (unpublished) (citing *Winestock*, 340 F.3d at 206-07). Indeed, the Fourth Circuit seems to have rejected an across the board rule and instead requires courts to examine the substance of the particular post-judgment motion in order to determine whether it is actually equivalent to a successive petition. *See Byrd v. U.S.*, No. 3:06cv352, 2007 WL 174683, at *6 n.5 (W.D.N.C. Jan. 22, 2007) (citing *Winestock*, 340 F.3d at 206-07) (holding that district court must examine motions to reconsider in collateral review cases to determine whether they are tantamount to successive application).

Based upon the foregoing, it appears that Davis's Motion to Amend or Alter Judgment pursuant to Rule 59(e) is a successive application for habeas relief under § 2244(b). In his Rule 59(e) Motion, Davis seeks to relitigate Claims III and XVI of his original Petition for Writ of Habeas Corpus. In those claims, Davis alleged respectively that the trial court erred in excluding his letters to his mother and that the prosecutor violated *Batson v. Kentucky,* 476 U.S. 79, 89

(1986), when she excused an African American juror. His arguments and allegations in the instant Motion either repeat those made in the original petition, criticize various aspects of this Court's merits resolution of the claims, or present evidence that could have been presented prior to judgment. In Claim XII of his Petition, Davis claimed that counsel were ineffective for failing to object to double-hearsay testimony during the sentencing hearing on the ground that the testimony violated the Confrontation Clause of the federal Constitution. In the instant Motion, Davis claims for the first time on habeas review that counsel were ineffective for failing to object to double-hearsay testimony during the sentencing hearing on the ground that the testimony violated the Confrontation Clause of the North Carolina Constitution, essentially adding a new ground for relief. The foregoing arguments and allegations render Davis's Rule 59(e) Motion a successive habeas application. *See Gonzalez*, 545 U.S. at 532 (explaining that a motion seeking to add a new ground for relief or attacking federal court's previous merits resolution will be deemed successive).

On the other hand, Davis's arguments under Claim IV of his Rule 59(e) Motion are directed toward an alleged defect in the collateral review process. Specifically, Davis argues that this Court erred in failing to hold an evidentiary hearing on his claim that counsel were ineffective for advising him to plead guilty. This allegation is not a "claim" as defined by *Gonzalez*. 545 U.S. at 532 (indicating that when motion attacks only an alleged defect in the integrity of the federal habeas proceedings, it is not an application for habeas relief).

Essentially, Davis has presented a mixed habeas application. This Court has no jurisdiction to consider Claims III, XII and XVI of the application because Davis has not received pre-certification from the Fourth Circuit authorizing him to file a successive habeas corpus

petition in federal district court. *See* § 2244(b)(3). Moreover, this Court cannot consider Davis's otherwise reviewable argument that he should have received an evidentiary hearing on Claim IV of his Petition because § 2244(b)(3)'s authorization requirement extends to all matters raised in the habeas application, including those that would not be subject to the limits on successive applications if raised separately. *See Winestock*, 340 F.3d at 205.

In situations where, as here, the Rule 59(e) Motion contains claims subject to the requirements of successive habeas applications, as well as cognizable matters under Rule 59(e), the Fourth Circuit has instructed that the "district court [ ] afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." *Id*. at 207. Therefore, pursuant to *Winestock*, Davis will be given the options of deleting the claims subject to the requirements of successive petitions or having his entire Rule 59(e) Motion treated as a successive application for habeas relief.

For the foregoing reasons, IT IS HEREBY ORDERED THAT, within ten (10) days of the date on which this Order is filed, Davis file in this Court a Motion to Amend his Oct. 15, 2007 Motion to Alter or Amend Judgment pursuant to Rule 59(e), deleting Claims III, XII and XVI. Should Davis elect not to file a Motion to Amend deleting the aforementioned claims, this Court shall treat Davis's Oct. 15, 2007 Motion to Alter or Amend Judgment pursuant to Rule 59(e) as a successive application for habeas relief under 28 U.S.C. § 2244(b).

Signed: November 9, 2007

Frank D. Whitney
United States District Judge